IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LEKESHA GOLIDAY**     **PLAINTIFF**

v.     **CIVIL CASE NO. 4:24-CV-30-RP**

**COMMISSIONER OF
SOCIAL SECURITY**     **DEFENDANT**

## OPINION AND JUDGMENT

Pursuant to 42 U.S.C. § 405(g), the plaintiff Lekesha Goliday brought this action for judicial review of an unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits, as well as an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). ECF #13. The undersigned held a hearing on September 25, 2024. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel, and the applicable law, the court finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove [she] is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8] *Muse*, 925 F.2d at 789.
[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## **Commissioner's Decision**

At step one of the sequential evaluation process, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 1, 2020. At step two, he found that the plaintiff had the severe impairments of disorder of the right knee, diabetes mellitus (DM) with loss of sensation of the right toes, cough variant asthma, reduced vision, and obesity. At step three, he found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ then determined that the plaintiff has the residual functioning capacity ("RFC") to perform light work, except:

> [S]he cannot work at heights or around unprotected work hazards; she cannot perform jobs requiring fine distance vision; and she must avoid concentrated exposure to dust chemicals and other pulmonary irritants.

---

[10]*Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

At step four, the ALJ found that the plaintiff is not capable of performing any of her past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as the representative light, unskilled jobs of bench assembler, wire worker, and press machine operator. Accordingly, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that the ALJ should have ordered a visual consultative examination in light of her primary care physician Harold Wheeler's notation on a prescription form that the plaintiff "appears legally blind, please evaluate." "The ALJ's duty to undertake a full inquiry, however, 'does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law j

udge to make the disability decision.'" *Pierre v. Sullivan*, 884 F.2d 799, 802 (1989) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original)). Whether to require such an examination is within the ALJ's discretion. *Pierre,* 884 F.2d at 802. Even where an ALJ has failed to develop an adequate record, reversal is not warranted unless the claimant shows he was prejudiced as a result. *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984). "[He] must show that, had the ALJ done his duty, [he] could and would have adduced evidence that might have altered the result." *Kane,* 731 F.2d at 1220.

As the ALJ explained in his decision in this case, Dr. Wheeler is unauthorized to determine statutory blindness, and there is no competent record evidence indicating that the plaintiff's reduced vision meets the statutory definition of blindness, which is defined as central visual acuity of 20/200 or less in the better eye with the use of a corrective lens. To the contrary, the physician who performed

the plaintiff's internal medicine CE performed a visual acuity test and noted that although the plaintiff's vision was impaired despite glasses, with glasses she had visual acuity of 20/40 in the right eye and 20/30 in the left eye.  Although the definition of statutory blindness may also be met by a visual field limitation such that the widest diameter of the visual field subtends an angle no greater than 20 degrees, there is no record evidence of any such limitation.

 As the ALJ pointed out, there is no support for Dr. Wheeler's suggestion of legal blindness in his own treatment notes, which document normal eye exams, no complaints of vision or other eye problems, and no testing, diagnosis, or treatment related to any visual condition.  The court finds that notwithstanding Dr. Wheeler's isolated, unexplained, and unsupported notation that the plaintiff "appears legally blind," the record does not establish that a visual CE was necessary to enable the ALJ to make the disability determination, and the ALJ did not abuse his discretion in not ordering one.  Further, the plaintiff has not shown what evidence such a CE would have adduced that might have altered the result.

 For these reasons and for those announced on the record at the conclusion of oral arguments in this case, the Commissioner's decision is AFFIRMED.

 This, the 25th day of September, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE